United States District Court
Southern District of Texas
**ENTERED**
October 26, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| COWBOY IP LLC,<br>*Plaintiff,* | § | |
| V. | § | CIVIL ACTION NO. 4:25cv3598 |
| LUCIA F. MACIAS, WALTER ARREDONDO, AND COWBOY CHICKEN PERUVIAN CUISINE, LLC,<br>*Defendants* | § | |

**ORDER ADOPTING MAGISTRATE JUDGE'S MEMORANDUM AND RECOMMENDATION**

Having reviewed the Magistrate Judge's Memorandum and Recommendation dated October 7, 2026 (Dkt. 39) and no party having filed objections thereto, the Court is of the opinion that said Memorandum and Recommendation should be adopted by this Court.

It is therefore **ORDERED** that the Magistrate Judge's Memorandum and Recommendation is hereby **ADOPTED** by this Court.

It is therefore **ORDERED** that Plaintiff, Cowboy IP, LLC's Motion for Default Judgment (docket no. 37) is **GRANTED IN PART** and **DEFAULT JUDGMENT** is **GRANTED** against Defendant, Chicken Peruvian Cuisine, LLC d/b/a Antara Chicken d/b/a Antara Chicken Peruvian Cuisine, and a **PRELIMINARY INJUNCTION** is **GRANTED** enjoining the Defendant from using Plaintiff's Cowboy Word Marks (U.S. Trademark Reg. Nos. 3,338,009 and 5,531,231) and Plaintiff's Cowboy Chicken Character Mark (U.S. Trademark Reg. No. 1,620,524).

In accordance with Federal Rule of Civil Procedure 65, Defendant, Chicken Peruvian Cuisine, LLC d/b/a Antara Chicken d/b/a Antara Chicken Peruvian Cuisine is hereby immediately and preliminary enjoined from:

1. Using Plaintiff's Cowboy Word Marks (U.S. Trademark Reg. Nos. 3,338,009 and 5,531,231) and Plaintiff's Cowboy Chicken Character Mark (U.S. Trademark Reg. No. 1,620,524) whether standing alone or in any phrase, to advertise, market, promote, display, and/or offer for sale goods or services that do not in fact originate from Plaintiff.

2. Representing that any goods or services advertised, marketed, promoted, displayed, and/or offered for sale by the Defendant are in any way sponsored by, approved by, affiliated with, associated with, or originated by Plaintiff.

3. Knowingly assisting, aiding, or attempting to assist or aid any other person or entity in performing any of the prohibited activities referred to above. In furtherance of this requirement, the Defendant will contact all third parties that have/currently are displaying Plaintiff's Cowboy Word Marks (U.S. Trademark Reg. Nos. 3,338,009 and 5,531,231) and Plaintiff's Cowboy Chicken Character Mark (U.S. Trademark Reg. No. 1,620,524), including "Defendants' [original] Chicken Character" and "Defendants' Defendants' Antara Chicken Character", to make a formal request that the third parties remove such marks. Within 30 days of the date of this Court's Order, the Defendant will submit notice to this Court and to the Plaintiff attesting under Oath to full and complete compliance with the Court's Order.

4. Knowingly affecting any transactions, assignments, or transfers, or forming new entities or associations to circumvent the prohibitions referred to above.

It is further **ORDERED** that Plaintiff, Cowboy IP, LLC submit a Bill of Costs no later than thirty (30) days after entry of judgment, if it desires to do so, in accordance with 28 U.S.C. § 1920.

It is further **ORDERED** that Plaintiff, Cowboy IP, LLC's Motion for Default Judgment (docket no. 37) is **DENIED IN PART** to the extent it requests a default judgment based on infringement of the Woodfire Rotisserie Chicken Marks and unjust enrichment as to all the marks, a permanent injunction, attorneys' fees, and an accounting of profits and expenses.

**SIGNED** at Houston, Texas this 26th day of October, 2026.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE